William BOYD, Appellant,

v.

DEPARTMENT OF CORRECTIONS; Martin Horn, Secretary; Donald Vaughn, Superintendant; M. Lorenzo, Deputy; Gregory Rosa, Deputy; Russel Smith; Guy Smith, Captain; Charlie Judge, Lt.; Brian Kletches, Sgt.; Lore Bailey; J. Strickland; Louis Mariani; RA Knauer; K.C. Jones, Lt.

No. 00–2390.

United States Court of Appeals, Third Circuit.

Argued Feb. 11, 2002.

Opinion Filed Feb. 26, 2002.

Scott . Markow (Argued), Caroline M. Brown, Covington & Burling, Washington, DC, for Appellant.

Randall J. Henzes (Argued), Office of the Attorney General of Pennsylvania, Philadelphia, PA, for Appellees.

Before MANSMANN, McKEE, and BARRY, Circuit Judges.

## OPINION OF THE COURT

BARRY, Circuit Judge.

Appellant William Boyd has been held in the Restricted Housing Unit in Administrative Custody at SCI–Graterford since his arrival at the prison in January 1999. His complaint, which he brought under 42 U.S.C. § 1983 and in which he named as defendants the Pennsylvania Department of Corrections and various of its employees, alleged that his initial confinement and continuing placement at the highest level of security at Graterford his Administrative Custody claims violated his First, Eighth, and Fourteenth Amendment rights. He also raised a number of claims unrelated to his custody status, including claims that he was assaulted by another inmate, he was denied medical attention, he was threatened with double-celling in response to his grievances, he was denied exercise opportunities, and he was denied the use of the main law library.

Defendants moved to dismiss the complaint on various grounds, including Eleventh Amendment immunity, failure to exhaust administrative remedies, and failure to state a claim. The District Court granted defendants' motion solely on the basis of failure to exhaust and dismissed the complaint with prejudice. Boyd timely appealed, and argues that the District Court erred in dismissing the complaint with respect to those claims related to his Administrative Custody status because under the applicable procedures he had, in fact, exhausted his administrative remedies. He argues, as well, that he should be permitted to amend his complaint to plead exhaustion with respect to those claims related to other prison conditions. We agree on both scores, and will reverse the order of the District Court and remand for further proceedings.

## I. Administrative Custody Claims

Boyd argues that the District Court erred when it applied the procedures of the Consolidated Inmate Grievance Review System (DC–ADM 804) rather than the Administrative Custody Procedures (DC–ADM 802) when evaluating whether he had exhausted his Administrative Custody claims. Under the Administrative Custody Procedures, he argues, he exhausted all available administrative remedies, as required by 42 U.S.C. § 1997(e)(a), as to both the initial determination of January 21, 1999 to hold him in Administrative

Custody and the May and September 1999 determinations to continue him in Administrative Custody. This is so, he continues, for three reasons: first, his administrative remedies ceased to be "available" within the meaning of § 1997(e)(a) after the Superintendent failed to answer his administrative appeals from the decisions of the Program Review Committee; second, the defendants failed to treat his appeals seriously and expeditiously as required by this Court's precedent and, indeed, refused to respond at all; and, third, he substantially complied, within the meaning of our caselaw, with the requisite administrative procedures.

Appellees' initial response to Boyd's very persuasive reasons as to why he had exhausted his administrative remedies was to suggest that we need not reach the issue of exhaustion at all because, assuming arguendo that he had exhausted, we should affirm the dismissal of the complaint on the ground that Boyd has failed to state a claim on which relief may be granted. This response prompted us to inquire at oral argument whether appellees were conceding that Boyd had, in fact, exhausted his administrative remedies, the only issue the District Court had decided. After some bobbing and weaving, the answer and the only answer there could be when Boyd's efforts were evaluated under the procedures which apply to Administrative Custody claims was "Yes." Why, in light of the record, appellees did not similarly concede exhaustion before the District Court remains a mystery.

Given the concession that Boyd had exhausted his remedies as to his Administrative Custody claims, we need go no further than to reverse and remand, for assuredly we see no reason that we should accede to appellees' request to ignore exhaustion and consider his claims on the merits. We believe, however, that it is necessary to go further to indicate our disapproval of what did or, more correctly, did not happen here.

It is crystal clear that, in his attempts to exhaust, Boyd did everything he was required to do and then some and at no time received a response. This is simply impermissible. Before a prisoner is able to come into federal court, he or she is required to follow specific administrative procedures with strict time limits. It is certainly not asking too much of prison authorities that they comply with the requirements similarly imposed upon them. Here, over and over again, appellees did nothing. We take this opportunity to put appellees on notice that conduct so lax if not altogether irresponsible will, if it occurs again, be dealt with in other than a Not Precedential Opinion.

II. Other Prison Conditions Claims

It is unclear which, if any, of Boyd's other prison conditions claims have been exhausted. Boyd, now represented by counsel, seeks leave to amend his pro se complaint to plead facts demonstrating exhaustion as to those claims which have, in fact, been exhausted. This is a simple enough request and a request which is freely and typically granted to pro se prisoner litigants for a variety of reasons, amending to plead exhaustion being merely one reason. Of course, the dismissal with prejudice ordered by the District Court rendered amendment of the complaint impossible, but that dismissal is being reversed and the District Court on remand will no doubt permit amendment so that, if Boyd is able to do so, exhaustion of his prison conditions claims can be pled. In this connection, we note that we have not, at least thus far, imposed a requirement that, beyond pleading exhaustion, a prisoner also attach to his or her complaint "the administrative decisions showing the

administrative disposition of his claims." Appellees' Br. at 23. We reject appellees' request that we impose such a requirement now.

### III.   Conclusion

The order of the District Court will be reversed and the case will be remanded for further proceedings in accordance with this opinion.